Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

EASTERN District of NEW YORK



Division

CV 17 - 2613

Case No. _____ (to be filled in by the Clerk's Office)

Badrul H. Chowdhury

_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

(1)Carrie Sadovnik, (2)Francis X Fitzgerald,
(3)Malgorzata Ciszkowska, (4)Maria Contel (5)Renita
W. Simmons and (6)Patricio Jimenez - Employee of
the Brooklyn College, CUNY

_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Jury Trial: *(check one)*  ☒ Yes  ☐ No

CHEN, J.

GOLD, M.J.

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

   A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if
needed.

| | |
|---|---|
| Name | Badrul H. Chowdhury |
| Street Address | 84-14 150 Street, Jamaica |
| City and County | Jamaica and Queens |
| State and Zip Code | NY 11435 |
| Telephone Number | 718-297-9313 |
| E-mail Address | badrulc57@gmail.com |

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Ms. Carrie Sadovnik |
| Job or Title *(if known)* | EHS Director- Brooklyn College, CUNY |
| Street Address | 2900 Bedford Ave |
| City and County | Brooklyn & Kings |
| State and Zip Code | New York 11210 |
| Telephone Number | 718-951-5000 Ext 5400 |
| E-mail Address *(if known)* | carreie.sadovnik52@brooklyn.cuny.edu |

Defendant No. 2

| | |
|---|---|
| Name | Mr. Francis X. Fitzgerald |
| Job or Title *(if known)* | Assistant Vice President of EHS & Facility Department |
| Street Address | 2900 Bedford Ave |
| City and County | Brooklyn & Kings |
| State and Zip Code | New York 11210 |
| Telephone Number | 718-951-5000 |
| E-mail Address *(if known)* | fxfitzgerald@brooklyn.cuny.edu |

Defendant No. 3

| | |
|---|---|
| Name | Prof. Malgorzata Ciszkowska and Prof. Maria Contel |
| Job or Title *(if known)* | Chemistry Chairperson and Associate Professor |
| Street Address | 2900 Bedford Ave |
| City and County | Brooklyn & Kings |
| State and Zip Code | New York 11210 |
| Telephone Number | 718-951-5000 |
| E-mail Address *(if known)* | malgcisz@brooklyn.cuny.edu pND |

Defendant No. 4

| | |
|---|---|
| Name | Mr. Patricio Jimenez and Renita W. Simmons |
| Job or Title *(if known)* | Director of Diversity and Equity Programs and HR Director |
| Street Address | 2900 Bedford Ave |
| City and County | Brooklyn & Kings |
| State and Zip Code | New York 11210 |
| Telephone Number | 718-951-5000 |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

|  |  |
|---|---|
| E-mail Address *(if known)* | patricio.jimenez@brooklyn.cuny.edu- RWsimmons@brooklyn- |

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Brooklyn College, CUNY |
| Street Address | 2900 Bedford Ave |
| City and County | Brooklyn |
| State and Zip Code | New York 11210 |
| Telephone Number | 718-951-5000 |

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒   Other federal law *(specify the federal law)*:

1) Falsified Sexual Harassment Charges against me and 2) "Willful Violation" on me- OSHA 29 CFR 1904.13, 1910,135(d)(3)(iii)(B)(2). IDLH 29 CFR 1910. 120.146, 1990.103, 29 CFR 1903.13 ( Forced me to perform several months toxic assignments including asbestos work without providing me training and Personal Protection Equipment (PPE). 3) OSHA Act 11(c ) of 1970 Whistleblower Complaint and Title RCW 49.60.180

☐   Relevant state law *(specify, if known)*:

☐   Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐      Failure to hire me.

☐      Termination of my employment.

☒      Failure to promote me.

☐      Failure to accommodate my disability.

☒      Unequal terms and conditions of my employment.

☒      Retaliation.

☒      Other acts *(specify)*:      After submitting my discrimination complaint internally on 2/8/16 against my new supervisor Ms. Sadovnik, she retaliated me. Since March 10, 2016 she put me on administrative leave. Besides OSHA violation on me, on 1/11/17 she was committed on me HIPPA violation. **Prof. Contel has committed falsification sexual Harassment charges against me when I was performing FDNY FC 2706 regulatory work( I Entered complaint in the item # E of this Form). As per email advice by EEOC, I would  like to submit my sexual harassment charges against me by Prof. Maria Contel seperately.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.      It is my best recollection that the alleged discriminatory acts occurred on date(s)

Age Discrimination: On September 8, 2015, Defendant Sadovnik started at Brooklyn College. As soon as she started here, she was acting very unprofessionally. During defendant Sadovnik's 2nd departmental staff meeting on Monday 11/16/15, Defendant Sadovnik has expressed that the "New Sherriff is in town", and thus mentioned to me that she wants to implement a digital EHS. She also stated that I should plan to retire because I am "old and have no computer skills". She would like to replace me with someone who is young and has computer skills. Defendant Sadovnik mentioned that my skin looks like her father's skin in a demeaning manner. Recently Defendant Sadovnik filled up my position and hired a young man Benjamin Daggett who came from Triumvirate waste company and gave my entire responsibility to him including Radiation Safety Officer Duties (using my DOH Radiation RSO Permit) which is not fair.

Because of my age, on October 30, 2015, defendant Sadovnik sent a memo demoting me, changed my job title from Hazardous Materials Manager to Waste Manager. Defendant Sadovnik took away my College Assistant from me. She changed my job description and added new assignments, forced me to perform toxic work alone including asbestos sampling without providing me training and Personal Protection Equipment (PPE). Several email records are available to me.

On September 07, 2016, the most damaging for me was that Defendant Sadovnik went through my confidential previous health records from my Office file (252NE) and used these records for her purpose. It is very painful to me that she disclosed my conditional medical records including prescription medicine and distributes it everywhere including Division of Human Rights. I feel she did HIPPA violation on me that without my consent she was using my personal exposure and medical records for her purpose. Please justify my claim of this discrimination. I have been with CUNY for a total of 31 years (14 +years Brooklyn College, 5 years Queens College and 12 years at NY City Tech) and I feel that I am a pioneer of CUNY. However, my new supervisor Defendant Sadovnik who I worked with less than five months (87 days working under her supervision), victimized me and since March 10, 2016, I am on administrative leave.

Each day working shift before 9 am, Defendant Sadovnik was tracking my work hours. She did not allow me any lunch break. She took away my 61 days compensatory time/overtime which I earned during servicing as an acting Director for 14 months before her employment at the College. For the past four months working with Defendant Sadovnik, she has put me under so much pressure and thus I had job related stress. Due to this, I became ill and was hospitalized. I was out of work for 10 days. While I was in the hospital, she sent me several emails and texts reminding me of any pending work to complete as soon as I return (several emails and texts records are available to me). I am a 60 years old employee. I would not like early retirement and I would like to go back to work ASAP. Would you please justify my claim, end my administrative leave, and reconcile it with my demand with proper justice.

My 14+ years job performance evaluations are excellent and outstanding. I have been here for 14+ years at the Brooklyn College and never felt this type of mistreatment. After the departure of my former supervisor Aldo, I was running the entire EHS program as an Acting Director. I did not get promotion. On 12/17/14, I submitted my application for the vacant EHS Director position. Instead of offering me the position (even though I was servicing as an Acting Director for 14 months), HR Director Defendant Simmons and Defendant Ciszkowska ignored me and did not review my application. Without CUNY first Search Committee's impute they hired Defendant Sadovnik. I am the only one who was providing Defendant Sadovnik EHS job orientation and training. However, less than 4 months 87 days under working with defendant Sadovnik I faced mistreatment and discrimination from her.

I reported these mistreatments to our new EHS AVP Defendant Fitzgerald by several emails for help and resolution, but he ignored me. Defendant Fitzgerald also committed "Willful Violation" on me. He declined my request to send me training for asbestos work. As per his instruction, I was performing asbestos work for two years without him providing me training and PPE.

Defendant Jimenez investigated and prepared a "Kangaroo Court" report by covering up Defendant Sadovnik saying that she was not mistreating me. The report is fabricated. I strongly believe Defendant. Jimenez has falsified the email records, combined them and covered up for Defendant Sadovnik. There are several emails, both current and old in which the text was combined purposely and presented in the report, which I believe is immoral and wrong. There are 16 reasons I would like to submit in the court that Mr. Jimenez is WRONG and bias (attached in Exhibit 004)

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

C.  I believe that defendant(s) *(check one)*:

☒  is/are still committing these acts against me.

☐  is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒  race          Asian

☐  color

☒  gender/sex    Prof. Contel has committed a falsification sexual Harassment charges against me which I entered my claim in the column "E" of this Form. But, as per EEOC's recommendation, I would like to file separate lawsuit of this false sexual charges by Prof. Maria Contel.

☒  religion       Muslim

☒  national origin  Bangladesh

☒  age *(year of birth)*  1957    *(only when asserting a claim of age discrimination.)*

☐  disability or perceived disability *(specify disability)*

NONE

E.  The facts of my case are as follows.  Attach additional pages if needed.

Falsified Sexual Harassment Charges against Plaintiff Chowdhury and Retaliation made by Defendant Contel's lawsuit: Charges against me by Prof. Contel.

On January 11, 2017, after eleven months later of my administrative leave, I found out from the College Investigation Report that I was accused of "Sexual Harassment" charges by the Chemistry Department's Professor Defendant Contel. The report was forwarded to the Division of Human Rights by the Brooklyn College Diversity and Equity Department's attorney Defendant Jimenez.

Regarding sexual harassment charges on March 8, 2016, Prof. Contel's email complaint is new to me and I learned this from NYS Division of Human Rights along with Mr. Jimenez report on January 11, 2017 after 10 months of my administrative leave.
1) March 8, 2016 Prof. Contel's sexual harassment complaint email, Prof. Contel did not mention this to me during Chemtracker Chemical Inventory discussion meeting with her at Prof. Richard Magliozzo's Office on March 8, 2016.
2) March 8, 2016 sexual harassment complaint email is new to me and this was not mentioned in the administrative letter which was handed to me on March 10, 2016.
3) March 8, 2016 Prof. Contel's sexual harassment email complaint did not mention on March 9, 2016 during leaked respond at Public Safety Office where AVP Fitzgarald and William Elfstrom were present.
4) March 8, 2016 Prof. Contel's sexual harassment email complaint, Mr. Jimenez did not mention this on September 7, 2016 when I had a scheduled meeting with him and Union Rep. However, he handed me a different complaint letter on September 07, 2016 (letter is available).
5) On October 5, 2016, when we (Union Rep and I) visited AVP Hewitt, He did not mention of the March 8, 2016 Prof. Contel's sexual harassment complaint email.
6) March 8, 2016, Prof. Contel's sexual harassment email complaint, Mr. Jimenez did not contact Prof. Contel's Lab supervisor Dr. Arthur. Even Dr. Arthur was not included in his interview list.
7) On March 8, 2016 Prof. Contel's sexual harassment email complaint, Mr. Jimenez did not contact Prof. Contel's Lab Manager Mr. Jacob Gallardo-Fernandez.
8) March 8, 2016 Prof. Contel's sexual harassment complaint incident- why was this not informed to Public safety?
9) March 8, 2016 Prof. Contel's sexual harassment email complaint, Mr. Jimenez did not inquiry with my Assistant CA Victor Buzin who was working with me all the time before and after March 8,2016.
10) March 8, 2016 Prof. Contel's sexual harassment email complaint Ms. Sadovnik did not mention on March 9, 2016 during a meeting (Fume Hood Postings).
11) March 8, 2016 Prof. Contel's sexual harassment email complaint was not mentioned on March 10, 2016  when Ms. Sadovnik was apologizing to me on behalf of Prof. Ciszkowska  for other incident (several emails, reason apology to me by Ms. Sadovnik are available from me).

Defendant Ciszkowska: I have several laboratory violations related issue with her since 2001. Among these disputes-"Goggling safety information" and "Do not store chemical above eye level", abandoned chemicals, unable to get FDNY C14 certification due to her foreign diploma, harassment complaint against me in Summer 2015 and against former professor Prof Haung in March 27, 2003.
 Instead of complying with Safety Rules, she was acting very unprofessionally. Both Defendant Contel and Defendant Ciszkowska insulted me verbally and in writing - Defendant Ciszkowska was unable to get FDNY C-14 certification because of her foreign diploma, CUNY Central, BC administration aware of this. March 10, 2016, Defendant Ciszkowska became violent and I reported this to Public Safety. Public Safety Record and email apology by Ms. Sadovnik can be available from me. Defendant Ciszkowska discarded my promotion application and humiliated me (several email are available).

> *(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

10/24/16-EEOC Charge No. 520-2017-00454 - Due to a typo error in my complaint forms in page 2 # 4,

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)*      2/3/17                            .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☒   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

I have been at CUNY for 31 years, but less than four months (87days) under my new supervisor; she put me on administrative leave. My new supervisor, Defendant Ms. Sadovnik and other five Defendants mistreated me and created a hostile working situation during the 87 days I worked under her.

Defendant 1. Ms. Sadovnik: Age discrimination, demotion, changed my job description, forced me to perform toxic assignments including asbestos work alone without providing me training and PPE, created hostile working condition in unsafe IDLH confine locations, took my Assistant position from me, committed " willful violation" on me, committed HIPPA violation on me, falsified  EHS reports including tampering with CUNY First records

Defendant 2.AVP Fitzgerald: He provided his interview comments by guessing, recalling and without providing any kind of notes which he had admitted in his report. I sent him more than 20 emails for help and resolution of my issues with my new supervisor Defendant Sadovnik; he ignored and did not attempt to resolve my issues. He is also responsible for "Willful Violation" on me that I was performing asbestos work without training for more than 2 years as per his instruction.

Defendant 3. Ciszkowska: Abused her power and since 2003, she was abusing me while I was performing regulatory assignments.She has a several lab Safety fc 2706 related violation and disputes with me. She discarded my promotion application and sent an improper defamation of character email about me to the administration. Instead of complying Safety regulations, she wrongfully sent complaint against me.

Defendant 4. Contel: Falsely accused me of sexual harassment and damaged my over 30 years professional career. As per EEOC email advice I also intend to file separate lawsuit against Prof. Contel.

Defendant 5. Simmons: After departure of my former supervisor Mr. Orlando, during Acting EHS Director ( 14 months)  I was performing  several accomplishments including $32,500 FAA violation and a Criminal Incident in Library, my supervisor AVP Hewitt was very satisfy with me  and  instructed me to submit my application for the Vacant EHS Director position.  However, Defendant Simmons was domineered and ignoring AVP Hewitt's recommendation lobbied with Defendant Ciszkowska and rejected my promotion application.

Defendant  6. Jimenez: He prepared "a Kangaroo Court" method report.  There are several emails, both current and old in which the text he was combine deliberately and presented in the report, which I believe is immoral, and wrong. His falsifying technique is violating the NYS Penal Law articles 170 and 175. He should be accountable for this. I have attached here 16 Reasons that he is wrong and bias(Exhibit 001)

Wherefore, I demand judgment against the six defendants, and each of them, for:
1.Compensatory damages according to proof:
2.Punitive damages Interest as allowed by law and
3 Such other and further relief as this court may deem just and proper.

Due to their improper actions, they are legally responsible for the events and happenings referred to in this complaint, and unlawfully caused the injuries and damages to me. My thirty-one years of professional dignity has been undermined. Damages include a long period of being on administrative leave and several other damaging effects which includes falsified sexual harassment allegation, willful violation, HIPPA violation on me- emotional pain and suffering, loss of enjoyment of life, my marriage & family life, friend and social life, severe anxiety, stress, embarrassment, humiliation, insomnia, loss of appetite and confusion. This employment retaliation and defamation of my character has affected my life, which is not tolerable for me.

Because of the defendants' malice as stated above, I seek punitive damages for an amount to be determined at the trial, but no less than 10 million US Dollars from each Defendant.

Attachment: Exhibit # 001:  EEOC Dismissal and Notice of Rights - 2 Page
Exhibit # 002: EEOC Intake Questionnaire of 10/24/2016 - 3 Page
Exhibit # 003: EEOC email notification about Falsified Sexual Harassment Charges - 3 Page
Exhibit # 004: 16 Reasons that Defendant Jimenez is WRONG - 5 Page
Exhibit # 005: My Female Witnesses list - 2 page

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        4/26/2017

MICHAEL HARRIPERSAUD
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HA6273404
Qualified In Queens County
My Commission Expires 12-10-2020

Signature of Plaintiff     _Badrul Chowdhury_

Printed Name of Plaintiff     Badrul H. Chowdhury

### B.    For Attorneys

Date of signing:        _____

Signature of Attorney          _____
Printed Name of Attorney       _____
Bar Number                     _____
Name of Law Firm               _____
Street Address                 _____
State and Zip Code             _____
Telephone Number               _____
E-mail Address                 _____

Exhibit # 001

*EXHIBIT 001*
*2 PAGE*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622

Badrul Chowdhury                                                    January 26, 2017
84-14 150ᵗʰ Street
Jamaica, NY 11435

Re:    EEOC Charge No. 520-2017-00454
       Chowdhury v. Brooklyn College, CUNY

Dear Mr. Chowdhury

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"),
has reviewed the above-referenced charge according to our charge prioritization procedures.
The procedures apply to all open charges in our inventory and call for us to focus our limited
resources on those cases that are most likely to result in findings of violations of the laws we
enforce.

We have evaluated your charge based upon the information you submitted, and have
determined that further investigation will unlikely result in a determination that Respondent
violated one of the federal laws enforced by the Commission. Therefore, your charge will be
dismissed.

Attached is your Dismissal and Notice of Rights. If you want to pursue this matter further in
federal court, your lawsuit must be filed within 90 days of your receipt of the Notice.

Please contact Investigator Carlos Jacome at carlos.jacome@eeoc.gov if you have any
questions.

Sincerely.

_____ for                          2-3-17
Kevin J. Berry                               Date
District Director

Enclosure(s):
       EEOC Form 161, "Dismissal and Notice of Rights"
       Copy of EEOC handout, "Facts About Filing"

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Badrul Chowdhury**<br>**84-14 150th Street**<br>**Jamaica, NY 11435** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2017-00454** | **Carlos Jacome,**<br>**Investigator** | **(212) 336-3756** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kevin J. Berry*                 2-3-17

| Enclosures(s) | **Kevin J. Berry,**<br>**District Director** | *(Date Mailed)* |
|---|---|---|

cc:    **Attn**
**Office of General Counsel**
**CUNY**
**205 East 42nd Street**
**New York, NY 10017**

Exhibit # 002



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. **Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please Print.**

**1.   Personal Information**

Last Name: Chowdhury          First Name: Badrul          MI: H

Street or Mailing Address: 84-14 150 Street          Apt Or Unit #:

City: Jamaica          County: Queens          State: Nwe York          ZIP: 11435

Phone Numbers: Home: ( 718 ) 297-9313          Work: ( 718 ) 951-5000

Cell: ( 917 ) 658-1775          Email Address: badrulc57@gmail.com

Date of Birth: 01/01/1957          Sex: Male ☒   Female ☐          Do You Have a Disability? ☐ Yes ☒ No

**Please answer each of the next three questions.**          i. Are you Hispanic or Latino? ☐ Yes ☒ No

ii. What is your Race? Please choose all that apply.   ☐ American Indian or Alaska Native   ☒ Asian   ☐ White
                                                        ☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? Bangladesh

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: Rahena Chowdhury          Relationship: wife

Address: 84-14 150 Street          City: Jamaica          State: NY   Zip Code: 11435

Home Phone: ( 718 ) 297-9313          Other Phone: ( 718 ) 431-3755

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify)

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: Brooklyn College, CUNY

Address: 2900 Bedford Ave          County: Kings

City: Brooklyn          State: NY   Zip: 11210          Phone: ( 718 ) 951-5000

Type of Business: University          Job Location if different from Org. Address:

Human Resources Director or Owner Name: Renita Simmons          Phone: 718-951-5137

**Number of Employees in the Organization at All Locations:** Please Check (√) One

☐ Fewer Than 15   ☐ 15 - 100   ☐ 101 - 200   ☐ 201 - 500   ☒ More than 500

**3.   Your Employment Data** (Complete as many items as you can)          **Are you a Federal Employee?** ☐ Yes ☐ No

Date Hired: 07/10/2001          Job Title At Hire: Higher Education Associate ( Hazardous Materials Manager)

Pay Rate When Hired: $56,000.00          Last or Current Pay Rate: $98,000.00

Job Title at Time of Alleged Discrimination: Hazardous Materials Manager          Date Quit/Discharged: Administrative leave since

Name and Title of Immediate Supervisor: Carrie Sadovnik ( New Supervisor) . (Aldo Orlando was my 14+ years supervisor)

**If Job Applicant,** Date You Applied for Job <u>12/17/14  & 3/10/16</u>   Job Title Applied For <u>Vacant EHS Director Position</u>

**4.   What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race   ☐ Sex   ☐ Age   ☒ Disability   ☐ National Origin   ☐ Religion   ☒  Retaliation   ☐ Pregnancy   ☐ Color (typically a difference in skin shade within the same race)   ☐ Genetic Information; choose which type(s) of genetic information is involved:

☐ i. genetic testing   ☐ ii. family medical history   ☐ iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: <u>NA</u>

If you checked genetic information, how did the employer obtain the genetic information?

<u>NA</u>

Other reason (basis) for discrimination (Explain). <u>My age and poor computer skills/ Retaliation after submission my complaint</u>

**5.   What happened to you that you believe was discriminatory?**   Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. **Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A) Date:  March 10, 2016            Action: Administrative leave with pay since March 10th 2016, and threatened to replace me
                                                      because of my age and poor computer skills- Please see attachment

Name and Title of Person(s) Responsible: My new supervisor, Carrie Sadovnik, EHS Director

B) Date:  December 17, 2014        Action: 2) Did not offer me the vacant EHS Director position (even I served 14 months as an
                                                       acting Director), proof of e-mail documents

Name and Title of Person(s) Responsible: Renita Simmons-HR Director and Chemistry Chairperson Malgorzata Ciszkowska

**6.   Why do you believe these actions were discriminatory?** Please attach additional pages if needed.
My new supervisor Ms. Sadovnik's  2nd departmental meeting on Monday 11/16/15 Maria and Victor were present, Ms. Sadovnik expressed that the "New Sheriff is in town", and thus mentioned to me that she wants to implement a digital EHS. She also stated that I should plan to retire because I am "old and have no computer skills". She would like to replace me with someone who is young and has computer skills. She mentioned that my skin looks like her father's skin in a demeaning manner. See review attachment

**7.   What reason(s) were given to you for the acts you consider discriminatory?   By whom?   His or Her Job Title?**
 I performed EHS assignments for 14 + years under my former supervisor Mr. Aldo Orlando with excellent and outstanding job performance evaluations. After Mr. Orlando's departure, I was performing as an acting EHS director for 15 months and the College did not offer me the position.  As soon as my new supervisor Ms. Sadovnik came on September 8, 2015, Ms. Sadovnik mistreated me and created a very hostile working condition in less than five months.Ms. Sadovnik changed my job description. Review attachment

**8. Describe who was in the same or similar situation as you and how they were treated.   For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance?   Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination.   For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on.   Use additional sheets if needed.**

Of the persons in the same or similar situation as you, who was treated *better* than you?

| A.  Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| NA | | |

Description of Treatment  NA

| B.  Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| NA | | |

Description of Treatment  NA

4

**13. Are there any witnesses to the alleged discriminatory incidents?  If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| A. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| Maria Perez | Office Secretary | Brooklyn College- 718-951-5000 |

**What do you believe this person will tell us?**

2nd departmental meeting on Monday 11/16/15 Maria and Victor were present, Ms. Sadovnik expressed that  the "New Sherriff is in town", and thus mentioned to me that she wants to implement a digital EHS. She also stated that I should plan to retire because of my

| B. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| Victor Buzine | College Assistant | Brooklyn College- 718-951-4268 |

**What do you believe this person will tell us?**

Entire allegation he knows. He might will not testify for fear to loose his job, because of Ms Sadovnik is also his supervisor. I believe Maria and Victor will testify the fact.

**14.  Have you filed a charge previously in this matter with EEOC or another agency?**      Yes ☐      No ☒

**15.  If you have filed a complaint with another agency, provide name of agency and date of filing:**

Only I filed a complaint against Sadovnik on February 8, 2016 to the College Diversity Dept and Retaliated. see attachment

**16.  Have you sought help about this situation from a union, an attorney, or any other source?**      Yes ☐      No ☒

Provide name of organization, name of person you spoke with and date of contact. Results, if any?

I also submitted to my PSC union, The union suggested  me on 11/11/16 that " obey the order of the supervisor" and grieve later'.
PSC union HS watch dog advised me to contact PESH. Ms. Barbara Eisenberg of PESH gave a monetary violation to the college

**Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.  If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws.  If you do not file a charge of discrimination within the time limits, you will lose your rights.  If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1.  If you want to file a charge, you should check Box 2.**

| Box 1 | ☐ I want to talk to an EEOC employee before deciding whether to file a charge.  I understand that by checking this box, I have not filed a charge with the EEOC.  **I also understand that I could lose my rights if I do not file a charge in time.** |
|---|---|
| Box 2 | ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above.  I understand that **the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.**  I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination. |

| Badrul Chowdhury | 10/24/2016 |
|---|---|
| **Signature** | **Today's Date** |

**PRIVACY ACT STATEMENT:** This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1. **FORM NUMBER/TITLE/DATE.** EEOC Intake Questionnaire (9/20/08).
2. **AUTHORITY.** 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a), 42 USC §2000ff-6.
3. **PRINCIPAL PURPOSE.** The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.
4. **ROUTINE USES.** EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION.** Providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

Exhibit # 003

Exhibit #003
3 PAGE

Your message has been

# Gmail

More

COMPOSE

## Please advise EEOC Charge No. 520-2017-00454   Inbox   x

**Inbox (1,663)**

Starred

**Drafts (59)**

Notes

**Badrul Chowdhury**

Dear Mr. Carlos Jacome, I am confuse. Could you advise me what I should do. M...

**CARLOS JACOME**

Badrul        +

to me

Sir,

Your case was not forwarded to the NYSDHR. You was given a Notice of Right To S
so.

v/r
Carlos A. Jacome
Investigator
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY  10004
CONFIDENTIALITY NOTICE: This electronic message is intended to be viewe
addressed. It may contain information that is privileged, confidential and e
dissemination, distribution or copying of this communication is prohibited
please notify us by return e-mail and delete the original message.

No recent chats
Start a new one

>>> Badrul Chowdhury <badrulc57@gmail.com> 3/14/2017 11:36 PM >>>

**Badrul Chowdhury** <badrulc57@gmail.com>

4/22/2017                                Gmail - Resubmitting again online #520-2017-00454

Victim- Badrul Chowdhury
[Quoted text hidden]

---

**CARLOS JACOME** <CARLOS.JACOME@eeoc.gov>                Fri, Apr 14, 2017 at 3:56 PM
To: Badrul Chowdhury <badrulc57@gmail.com>

Sir,

Unfortunately we don't investigate false accusations made against you.

v/r
Carlos A. Jacome
Investigator
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY  10004
(212) 336-3756
CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or
entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from
disclosure under applicable law. Any dissemination, distribution or copying of this communication
is prohibited. If you have received this communication in error, please notify us by return e-mail and
delete the original message.


>>> Badrul Chowdhury <badrulc57@gmail.com> 4/12/2017 9:31 AM >>>
[Quoted text hidden]

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 | PERSON FILING CHARGE:<br>Badrul Chowdhury<br>THIS PERSON (Check one):<br>Claims to be aggrieved [x]<br>Files on behalf of other(s) [ ] |
| TO:<br>New York State, City University of New York,<br>Brooklyn College<br>Attn: Gen. Counsel Office<br>205 East 42nd Street<br>New York, NY 10017 | DATE OF ALLEGED VIOLATION:<br>10/21/2016<br>PLACE OF ALLEGED VIOLATION:<br>Kings County<br>EEOC CHARGE NUMBER:<br>16GB700693<br>FEPA CHARGE NUMBER:<br>10185040 |

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

      [X]  Title VII of the Civil Rights Act of 1964
      [X]  The Age Discrimination in Employment Act of 1967 (ADEA)
      [ ]  The Americans with Disabilities Act (ADA)

HAS BEEN RECEIVED BY: The New York State Division of Human Rights (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon expiration of any deferral requirements if this I a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the FEP Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the FEP Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the FEP Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final decision and order of the above named FEP Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]   An Equal Pay Act investigation (29 U.S.C. §206(d)) will be conducted by the
      Commission concurrently with the FEP Agency's investigation of the charge.

[X]   Enclosure: Copy of the Charge

BASIS FOR DISCRIMINATION:  Age, Opposed Discrimination/Retaliation

CIRCUMSTANCES OF ALLEGED VIOLATION:
      SEE ATTACHED N.Y.S. DIVISION OF HUMAN RIGHTS COMPLAINT

DATE: November 30, 2016

                    TYPED NAME OF AUTHORIZED EEOC OFFICIAL:
                    Kevin J. Berry

Exhibit # 004

## Exhibit # 004, 16 Reasons that Defendant Jiminez is WRONG.  (5 page)

**Reason 1:** Mr. Patricio Jimenez- During the meeting with him on September 07, 2016, I was feeling that he was underestimating and undermining me.  When I was telling him my list of accomplishments performed under my supervisor AVP Michael Hewitt as an Acting Director for 14 months, he made a comment "that does not mean you are innocent".

When I was discussing my 14+ years practice about Lab Safety disputes and FDNY violation regulation FC 2706, he made a comment that I should be a lawyer instead of Safety personnel.

He made an improper comment about my outfit and compared it to a defendant's attire in a court case. He also stated that my tie is really nice in a condescending tone. This comment made me feel discriminated against as he was comparing this issue to a criminal defense. Therefore, Mr. Jimenez pre-determined this issue and concluded his opinion of me on the first day meeting on September 07, 2016.

**Reason 2:**  Mr. Jimenez did not retrieve any related documentation of previous complaint by Prof. Ciszkowska and Prof. Contel's from his successor , Ms. Natalie Mason- Kinsley's file (August 12, 2015). However, he mailed a letter dated August 08, 2015 with his signature and claiming an old issue is the current issue. How is it possible that before being employee at Brooklyn College, he was involved in this investigation?

**Reason 3:** Mr. Jimenez did not include my 14+ year's supervisor AVP Michael Hewitt in his witness list and AVP Hewitt did not input his comments about my job performance in the report, which included the remarkable numerous accomplishments I have done under AVP Hewitt's watch for the 14 months that I was EHS Manager/Acting Director.

**Reason 4:** Mr. Jiminez has quoted in his conclusion that brought Dr. Joann Mathias as his female witness testifying harassment proof. Without contacting Dr. Joan Mathias, why had Mr. Jiminez included Dr. Mathias in this report? Please contact Dr. Joan Mathias and verify the facts. (Mr. Jimenez "Kangaroo Court" falsifying technique is violating the NYS Penal Law articles 170 and 175).

**Reason 5:** Also another example of this made-up witness affirmation which is Prof. Amy Ikui- There is a fabricated story that Prof Ikui was contacting me via emails that I was ignoring her. After Administrative Leave on March 10, 2016, Prof. Amy Ikui was contacting me using my College email Badrul@brooklyn.cuny.edu. She was upset because I was not performing regulatory radiation safety assignments during administrative leave. She was unaware that I am on leave for long period. Mr. Jimenez has made up his story and purposely included her providing a falsified report. Please contact Prof. Amy Ikui. After review, her emails before and after administrative leave and justify the facts.

**Reason 6:** Mr. Jimenez did not review the root cause of the disputes and did not review with FDNY Inspector Mr. Buhayan for the FDNY FC 2706 regulation who regularly visits every alternate Tuesday.

**Reason 7:** Mr. Jimenez solicited my Assistant, Victor Buzin and told him who is better comparing Ms. Sadovnik and me. Also same dialogue was conducted with Ms. Maria Perez (EHS secretary). He did not contact our former EHS Secretary Ms. Kimberly Griffin who is working at another Department.

**Reason 8:** Mr. Jiminez sent me an old letter dated August 7, 2015 before his and Ms. Sadovnik's employment at the College.

**Reason 9:** Mr. Jimenez proudly claimed that he came from the US Marines and he can take on any complicated issues but I believe he is not above the law. He and Ms. Sadovnik went through my confidential personal files and without my consent, they retrieved my old medical records which included my medications that I was prescribed and their indication. They unethically used this purpose and distributed my medical records to various agencies including Division of Human Rights. In my understanding due to the HIPPA violation, he committed another crime on me as he should not distribute and collect my personal medical information without my consent. I feel that because of age and my origin, Ms. Sadovnik has an agenda of slandering my reputation and Mr. Jimenez is covering up for her.

**Reason 10:** Mr. Jimenez did not mention DOL asbestos violation on me, (due to improper PPE and training, Ms. Sadovnik forced me to perform toxic work including asbestos sampling and DOL gave violation, which is # 26218463). You may please confirm this violation from DOL Ms. Barbara Eisenberg 212-775-3562.

**Reason 11:** Mr. Jimenez did not verify Ms. Sadovnik's regulatory certification which EPA inspector, Mr. Abdool Jabar was concerned about this on February 18, 2016. However, Mr. Jimenez has a peculiar desire to verify my "MS" certification.

**Reason 12: Regarding March 8, 2016 Prof. Contel's email complaint, Mr. Jimenez did not provide me this email during the meeting with him on September 07, 2016. He did not ask about the email to my Assistant CA Victor who was working that time. Mr. Jimenez did not interview with Dr. Arthur Prof. Contel's Lab Supervisor. Without proper investigation, Mr. Jimenez generated this report for the sole purpose of covering up for Ms. Sadovnik.**

**Reason 13:** March 8, 2016 Prof. Contel's email complaint, Mr. Jimenez did not contact Prof. Contel's Lab Manager Mr. Jacob Gallardo- Fernandez.

**Reason 14**: March 8, 2016,  **Prof. Contel's email complaint: Mr. Jimenez did not inquire with my Assistant CA Victor Buzen who was working with me at all times before and after March 8, 2016.**

**Reason15:** March 8, 2016 Prof. Contel's email complaint incident, Mr. Jimenez did not get any incident report from the College Public safety.

**Reason 16:**  Improper investigation techniques were applied to me as well as to the Geology Professor David Seidemann. Less than a year of Mr. Jimenez's employment at Brooklyn College, he already has  two cases of Title IX sexual harassment cases including my case. Prof. Seidemann was accused of Title IX sexual misconduct and the investigation was determined and finalized without his input. Mr. Jimenez investigated this incident and did not inform Prof. Seidemann about the decision. Prof. Seidemann was not aware that Mr. Jimenez reviewed his syllabus. This shows that the actions made by Mr. Jimenez and his Diversity Department in the past show a "KANGAROO COURT" method where the accused are not treated properly and a conviction is already predetermined. *(ATTACHED )*

 Therefore, Mr. Jimenez is not neutral and his bogus report cannot speak the truth. The truth is that Ms. Sadovnik was mistreating me jointly with new AVP Francis Fitzgerald. Both Jimenez and AVP Fitzgerald should be personally liable and accountable.





(https://www.insidehighered.com)

# Case at Brooklyn College raises questions about line between academic freedom and interpretations of Title IX

Submitted by Colleen Flaherty on October 14, 2016 - 3:00am

Triangles on his syllabus and an awkwardly worded plea for students to engage in extra credit -- that's what a professor at Brooklyn College of the City University of New York says raised sexual harassment concerns with his administration. The college denies that it formally investigated the professor for violations under Title IX of the Education Amendments of 1972, which prohibit gender discrimination in education, but acknowledges that officials reviewed his syllabus.

And the professor was asked to change his syllabus, which was at some point examined by a college lawyer without his knowledge. Eventually, the professor was cleared of any wrongdoing, but he remains concerned about the implications what he calls a "shadow" inquiry.

"Taking an extra-credit part of my syllabus and interpreting it as some kind of Title IX issue strikes me as bizarre -- that just doesn't seem rational," David Seidemann, professor of geology at Brooklyn, said in an interview.

To some, the incident will likely read as no harm, no foul -- after all, Seidemann's tenured job was never on the line. Others, though, are likely to see the case as further evidence of a hazy line between academic freedom and campus interpretations of Title IX. That's already a concern for groups such as the American Association of University Professors, which published a report on the matter earlier this year.

"I might have to allow for the possibility that I had I not had tenure, they could have gotten rid of me," Seidemann said. "In any case, your reputation means a lot and I hate to think it would have been damaged by some document that existed in some office."

Earlier this fall, Seidemann shared a syllabus with students in his class about geology in the modern world. Because the course includes discussions of climate change and other potentially controversial topics, he said, the syllabus noted that the classroom was not a "safe space" when it came to speech. The idea was to encourage debate and free inquiry, he said. He included triangles -- what he often uses as quotation marks or scare quotes -- around the term.

Another syllabus section said that "deportment, effort, etc." made up 10 percent of one's grade, and would be applied "only to select students when appropriate." Seidemann says the point was to make clear that extra credit was available to hardworking students, without giving away exactly how to get it; ultimately he wanted intrinsically motivated students to attend office hours, not just those seeking extra points.

According to emails provided to *Inside Higher Ed*, Seidemann's department chair met with him soon after the start of the semester to discuss changing his syllabus. The chair, Jennifer Cherrier, wrote

in a later email that she'd been contacted about Seidemann by Patricio Jimenez, the college's Title IX coordinator.

The professors' initial conversation was in person, but Seidemann soon "memorialized" it in an email to Cherrier because he found the content to be extraordinary. Alerted to the syllabus by a student, the college apparently had taken issue with Seidemann's note that "effort" credit would only be given to some students, because it left room for sexual harassment. It's unclear exactly how.

The syllabus's statement that the classroom was an "unsafe space for those uncomfortable with viewpoints with which they may disagree: all constitutionally protected speech is welcome," also portrayed an antigay bias, particularly the triangles, Seidemann said he was told. He guessed that the triangle scare quotes were -- to someone -- reminiscent of triangles Nazis forced some gay men to wear. (Some gay men have since reclaimed the brand, wearing pink triangles by choice.)

The college had somehow already cleared Seidemann of the second concern or charge, according to his recollection of his conversation with his chair, but remained concerned about the extra credit.

"Charges involving sexual harassment and antigay bias are serious matters that mandate thorough investigation," Seidemann wrote to Cherrier. "But because the charges are so serious, they also mandate due process to the accused. That this investigation was concluded, and a course of action recommended, without my knowledge of any aspect of it, or without an opportunity for input, fails to meet that standard."

Seidemann contacted Jimenez, the Title IX coordinator, who repeatedly asked him to meet in person. But the professor declined, saying he wanted everything to be documented via email. About two weeks after Seidemann's initial conversation with Cherrier, Jimenez said the case on his syllabus was closed, "as of this writing."

Jason Carey, a spokesperson for Brooklyn, said that Seidemann was never investigated by the Title IX office. Yet somehow, he said that Seidemann's syllabus was examined by university counsel, which determined that he was not guilty of violations of Title IX.

Seidemann has repeatedly asked the college for information about the original complaint and any investigation, and has received none. Communication about Title IX complaints can be tricky, because victims' advocates say everything possible should be done to protect the complainant against possible retribution. Yet faculty advocates, including the AAUP, say that professors have a right to know about complaints against them. The association's recommended policies and procedures for sexual harassment claims, for example, say that a grievance officer "should inform the alleged offender of the allegation and of the identity of the complainant" and that a "written statement of the complaint should be given to both parties." (AAUP also says that "every effort should be made to protect the complainant from retaliatory action by those named in the complaint.")

Seidemann's faculty union, the Professional Staff Congress, had no immediate comment.

**Source URL:** https://www.insidehighered.com/news/2016/10/14/case-brooklyn-college-raises-questions-about-line-between-academic-freedom-and?width=775&height=500&iframe=true
undefined
undefined

*Exhibit # 005*
*2 page*

**April 2017**       **Exhibit # 005**: My Female Witnesses list ( 2 page)

**Brooklyn College's female witnesses for Badrul Chowdhury (without soliciting):**

The Brooklyn College Diversity attorney Mr. Jimenez did not contact all 15 witnesses properly for his investigation. Out of the 15 witnesses not everyone was female, only complainers 3 females (Prof. Contel, her student Ms. Elie and Prof. Ciszkowska) who had several ongoing lab violations related dispute with me and as soon as Ms. Sadovnik joined at the college, she solicited with them and jointly retaliated against me. I was providing my EHS services NOT only these three individuals, rather than I was providing the entire Campus' male and female individuals under direction from Mr. Orlando and AVP Michael Hewitt since 2001. I would like to provide here more than 40 witnesses' (female) information for your direct contact with them. Would you please review from my below list of female witnesses along with Mr. Jimenez's witness list (except 3 females and AVP Fitzgerald) and justify Mr. Jimenez' phony predetermined ( a " Kangaroo Court" method report) findings. Mr. Jimenez's findings are not TRUE and I would like to challenge his improper offhand investigation to cover up Ms. Sadovnik.

**My Witnesses:-**
1) Prof. Louise Hainline: 718- 951-5000 X 5610, Louis@brooklyn.cuny.edu
2) Prof. Jean Grassman:718-951-5000 or 212-354-1252, jean.grassman@sph.cuny.edu
3) Prof. Jiang Xinyin: 718-951-5000 X3487, xinyijiang@brooklyn.cuny.edu
4) Prof. Anjana Saxena: 718-951-5000 X2671, asaxena@brooklyn.cuny.edu
5) Prof. Kathleen Axen: 718-951-5000 X2741, kaxen@brooklyn.cuny.edu ( She is also Mr. Jiménez' witness)
6) Prof. Gail Horowitz: 718-951-5000 X 5458, ghorowitz@brooklyn.cuny.edu
7) Prof. Amy Ikui:  718-951-5000 X2674, aikui@brooklyn.cuny.edu ( she is also Mr. Jimenez' witness)
8) Ms. Lea Star –(Prof. Amy Ikui's lab manager) 718-951-5000X 2674 (**Lpinkstar@hotmail.com**
9) Prof. Jennifer Basil, 718-951-5000 x,2012,  jbasil@brooklyn.cuny.edu
10) Ms. Diyana Norklene,  718-951-500 x 2739, dnorklene@brooklyn.cuny.edu
11) Ms. Rina Sheristha, 718-951-5000 x6552, rsheristha@brooklyn.cuny.edu
12) Ms. Marlene Adele, 718-951-5000x 5026 ,  marlene@brooklyn.cuny.edu
13) Prof. Catherine McEntee, 718-951-5000 x2021,  cathym@brooklyn.cuny.edu
14) Prof. Lesley Davenport, 718-951-5000 x 2825, ldvnport@brooklyn.cuny.edu
15) Prof. Charlene Forest, 718-951-5000 x2016, clforest@brooklyn.cuny.edu
16) Prof. Shaneen Singh, 718-951-5000 x 1952, ssingh@brooklyn.cuny.edu
17) Ms. Trudy Trotta, 718- 951-5000 x5396, ttrotta@brooklyn.cuny.edu
18) Ms. Janine Onna, 718-951- 5000 x 2017,  jonna@brooklyn.cuny.edu
19) Ms. Carrie Roberts, 718-951-5000 x 3180, croberts@brooklyn.cuny.edu
20) Prof. Judith Wild,718-951-5000 x5426 , jwild@brooklyn.cuny.edu
21) Prof. Joann Mathais 718-951-5000 X2825  JMathias@brooklyn.cuny.edu ( Mr. Jimenez witness but WRONG information, please very with her)

Exhibit # 005

**April 2017**          **Exhibit # 005**:  My Female Witnesses list ( 2 page)

**Brooklyn College's female witnesses for Badrul Chowdhury (without soliciting):**

**The Brooklyn College Diversity attorney Mr. Jimenez did not contact all 15 witnesses properly for his investigation. Out of the 15 witnesses not everyone was female, only complainers 3 females (Prof. Contel, her student Ms. Elie and Prof. Ciszkowska) who had several ongoing lab violations related dispute with me and as soon as Ms. Sadovnik joined at the college, she solicited with them and jointly retaliated against me. I was providing my EHS services NOT only these three individuals, rather than I was providing the entire Campus' male and female individuals under direction from Mr. Orlando and AVP Michael Hewitt since 2001. I would like to provide here more than 40 witnesses' (female) information for your direct contact with them. Would you please review from my below list of female witnesses along with Mr. Jimenez's witness list (except 3 females and AVP Fitzgerald) and justify Mr. Jimenez' phony predetermined ( a " Kangaroo Court" method report) findings. Mr. Jimenez's findings are not TRUE and I would like to challenge his improper offhand investigation to cover up Ms. Sadovnik.**

**My Witnesses:-**
1) Prof. Louise Hainline: 718- 951-5000 X 5610, Louis@brooklyn.cuny.edu
2) Prof. Jean Grassman:718-951-5000 or 212-354-1252, jean.grassman@sph.cuny.edu
3) Prof. Jiang Xinyin: 718-951-5000 X3487, xinyjiang@brooklyn.cuny.edu
4) Prof. Anjana Saxena: 718-951-5000 X2671, asaxena@brooklyn.cuny.edu
5) Prof. Kathleen Axen: 718-951-5000 X2741, kaxen@brooklyn.cuny.edu ( She is also Mr. Jiménez' witness)
6) Prof. Gail Horowitz: 718-951-5000 X 5458, ghorowitz@brooklyn.cuny.edu
7) Prof. Amy Ikui:  718-951-5000 X2674, aikui@brooklyn.cuny.edu ( she is also Mr. Jimenez' witness)
8) Ms. Lea Star –(Prof. Amy Ikui's lab manager) 718-951-5000X 2674 (**Lpinkstar@hotmail.com**
9) Prof. Jennifer Basil, 718-951-5000 x,2012,  jbasil@brooklyn.cuny.edu
10) Ms. Diyana Norklene,  718-951-500 x 2739, dnorklene@brooklyn.cuny.edu
11) Ms. Rina Sheristha, 718-951-5000 x6552, rsheristha@brooklyn.cuny.edu
12) Ms. Marlene Adele, 718-951-5000x 5026 ,  marlene@brooklyn.cuny.edu
13) Prof. Catherine McEntee, 718-951-5000 x2021,  cathym@brooklyn.cuny.edu
14) Prof. Lesley Davenport, 718-951-5000 x 2825, ldvnport@brooklyn.cuny.edu
15) Prof. Charlene Forest, 718-951-5000 x2016, clforest@brooklyn.cuny.edu
16) Prof. Shaneen Singh, 718-951-5000 x 1952, ssingh@brooklyn.cuny.edu
17) Ms. Trudy Trotta, 718- 951-5000 x5396, ttrotta@brooklyn.cuny.edu
18) Ms. Janine Onna, 718-951- 5000 x 2017,  jonna@brooklyn.cuny.edu
19) Ms. Carrie Roberts, 718-951-5000 x 3180, croberts@brooklyn.cuny.edu
20) Prof. Judith Wild,718-951-5000 x5426 , jwild@brooklyn.cuny.edu
21) Prof. Joann Mathais 718-951-5000 X2825  JMathias@brooklyn.cuny.edu ( Mr. Jimenez witness but WRONG information, please very with her)

22)Prof. Aneta Czajkowska 718-951-5000X350 AcZajkowska@brooklyn.cuny.edu

23)Prof. Laura Juszcza 718-951-5000 X 1426 LJuzak@brooklyn.cuny.edu

24)Ms. Anna Belyayeva- Chief CLT 718-951-5000 X 3312
Ablyayeva@brooklyn.cuny.

25)Ms. Isanna Aagrest- Chief CLT  718-951-5000 X 450
Iagrest@brooklyn.cuny.edu

26)Prof. Mariana Torrente 718-951-5000 X 18710 Mariana.
Torrente@brooklyn.cuny.edu

27)Prof. Terry Dowd 718-951-5000 X 2850 Tdowd@brooklyn.cuny.edu

28)Flavia Barragan – Grad. Student ( Dr. Novaro) 718-951-5000
Fbarragan@brooklyn.cuny.edu

29)Bonnie Kruft- PostDoc 718-951-5000X 6636 ( Dr. Givney)
BKruft@brooklyn.cuny.edu

30)Ashwini Ghosgare- Post Doc ( Prof. Greer) 718-951-5000X2830
Ashwini@brooklyn.cuny.ecu

31) Adj Prof. Leda- Lee 718-951-5000X 2825-Leverback@gmail.com

32)Daniella Hirsch Grad. Student- 718-951-5000 X 2821( Prof. Murelli)
Dherch@brooklyn.cuny.edu

33)Rosemary Mollica H&N   Rosmollica@brooklyn.cuny.edu

34)Dr. Yesemin Kopkalli 718-951-5000 X2825 ( Prof. Davenport Lab)
Ykopalli@brooklyn.cuny.edu

35)RN. Ilene Tannenbaum Health Clinic 718-951-5000 X 5580
Ilene@brooklyn.cuny.edu

36) Ms. Nava Renek ( Women's Center) 718-951-5000 x 5777,
NRenik@brooklyn.cuny.edu

37)Ms. Saufang Au- Director Women's Center 718-951-5000X5777

38)Poornima Mohandas- 718-951-5000X 6697 PMohandas@brooklyn.cuny.edu

39)Ms. Ursula Chase- Public Safety Assistant Director 718-951-5000 X 5511
UrsulaC@brookly.cuny.edu

40)Ms. Cynthia Hunter- Assistant Director Public Safety 718-951-5000X5511
Chunter@brooklyn.cuny.edu

41) Ms.Pieranna Pieroni –Director, College Now -718-951-5209
Pieronip@brooklyn.cuny.edu

42)Ms. Kimberly Griffin- Former EHS Secretary, she was with us more than 7 years
and now   working another department,718-951-4600
Kgriffin@brooklyn.cuny.edu

43)MR. ALDO ORLANDO (male)- MY 14+years supervisor, 212-413-3351,
aldo.orlando@ASRS.cuny.edu

I can also able to provide another more than 40 male witnesses on behalf of me if
necessary. Would you please contact all of the above female individuals directly and my
14+ years Supervisor Mr. Aldo Orlando (212-413-3351, aldo.orlando@ASRS.cuny.edu)
for justifying my claim that I performed my job sincerely and equally to all male and
female employees since 2001, Therefore, I don't  deserve an improper longer
administrative leave.     Thank you

Badrul chowdhury