UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BADRUL CHOWDHURY,

                                        Plaintiff,

                                                              17-cv-02613 (PKC) (SMG)

         - against -

THE CITY UNIVERSITY OF NEW YORK,
BROOKLYN COLLEGE,

                                        Defendants.
------------------------------------------------------------------x

         This SETTLEMENT AGREEMENT, GENERAL RELEASE AND ORDER OF

DISMISSAL WITH PREJUDICE ("Settlement Agreement") is made by and between Plaintiff

BADRUL CHOWDHURY ("Plaintiff") and Defendant THE CITY UNIVERSITY OF NEW

YORK ("CUNY") as of April 26, 2019:

         WHEREAS, Brooklyn College (the "College") is not a legally cognizable entity separate

from CUNY, which is the proper institutional defendant in this action;

         WHEREAS, any reference to CUNY in this Settlement Agreement includes, but is not

limited to, the College;

         WHEREAS, by letter dated March 10, 2016, the College placed Plaintiff on administrative

leave, with pay, from his position as a Hazardous Materials Manager in the Department of

Environmental Health and Safety at the College;

         WHEREAS, effective October 11, 2017, the College terminated Plaintiff from his position

at the College (the "Termination");

         WHEREAS, or about October 21, 2016, Plaintiff filed certain discrimination and

retaliation charges in a complaint with the New York State Division of Human Rights, which

1

charges were then cross-filed with the Equal Employment Opportunity Commission (collectively the "EEOC Charge");

WHEREAS, on or about April 26, 2017, Plaintiff commenced this action and another action, bearing docket number No. 17-cv-2614, by filing two separate *pro se* complaints in the Eastern District of New York against CUNY, the College and individual defendants Carrie Sadovnik, Francis Fitzgerald, Malgorzata Ciszkowska, Maria Contel, Renita Simmons and Patricio Jimenez (the "Individual Defendants"), asserting various claims; and

WHEREAS, by Order dated September 14, 2017, the Honorable Pamela K. Chen, among other things, dismissed Plaintiff's two initial *pro se* complaints, granted Plaintiff 30 days to file an amended complaint, directed the Clerk of the Court to consolidate docket numbers 17-cv-2613 and 17-cv-2614 under docket number 17-cv-2613, and ordered that all papers filed in those two actions shall bear only the case docket number 17-cv-2613 (the "Federal Action");

WHEREAS, Plaintiff filed a *pro se* second amended complaint on or about October 11, 2017, as to which, on March 22, 2018, CUNY filed a motion for pre-motion conference;

WHEREAS, on or about July 6, 2018, Mason Law PLLC appeared as counsel for Plaintiff and filed a motion seeking an order adjourning the then-pending pre-motion conference until August 31, 2018 and extending Plaintiff's time to file a further amended complaint to August 20, 2018, which motion was granted by Order dated July 6, 2019;

WHEREAS, Plaintiff filed a third amended complaint ("TAC") on August 20, 2019, asserting against CUNY purported employment discrimination and retaliation causes of action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); the Age Discrimination Act of 1967; the New York State Executive Law, Article 15, § 296; Title 8 of the New York City Administrative Code, commonly known as the New York City Human Rights Law; as well as a

2

New York common law claim;

WHEREAS, on September 4, 2018, CUNY filed a motion for a pre-motion conference with respect to the TAC;

WHEREAS, by letter September 24, 2018, Plaintiff withdrew all but the first two causes of action of the TAC;

WHEREAS, by Order entered November 16, 2018, the Court granted CUNY's motion to dismiss the first cause of action of the TAC but denied the motion with respect to Plaintiff's second cause of action asserting retaliation under Title VII;

WHEREAS, there is now pending before the American Arbitration Association an arbitration titled Professional Staff Congress v. City University of New York - Brooklyn College, AAA Case Number: 01-17-0006-4270, in which Plaintiff, as Grievant, and represented by his Professional Staff Congress/CUNY counsel, is appealing his Termination (the "Arbitration");

WHEREAS, Plaintiff has filed an application, brought by Order to Show Cause returnable on June 19, 2019 (the "Order to Show Cause"), in  New York Supreme Court, County of Kings, in a previously-dismissed *pro se* action titled *Badrul H. Chowdhury, Plaintiff v. Maria Contel, et al., Defendants*, bearing Index No. 2006/2017 (the "Kings County Action"), seeking to vacate the Judgment, entered October 24, 2018 (the "Judgment"), which dismissed that Action;

WHEREAS, Plaintiff heretofore filed in New York Supreme Court, County of Kings, a now-dismissed Article 78 proceeding, titled *Badrul H. Chowdhury, Petitioner v. Carrie Sadovnik, et al., Respondents*, bearing Index No. 1875/2017 (the "Article 78 Proceeding");

WHEREAS, CUNY, including, without limitation, any and all of its constituent schools, divisions and units, and their present and former officers, agents and employees, whether in their individual or official capacities, expressly denies any wrongful conduct or liability or violation of

3

any federal, state or local statute, ordinance, law or CUNY policy or practice in this matter whatsoever and does not concede that any claims even necessarily lie;

WHEREAS, Plaintiff and CUNY, including, without limitation, any and all of its constituent schools, divisions and units, and their present and former officers, agents and employees, whether in their individual or official capacities, desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation, arbitration or proceedings and without admission of fault or liability;

**NOW THEREFORE**, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiff and CUNY hereby stipulate and agree as follows:

1.      **Dismissal of the Federal Action Against CUNY With Prejudice.**

The Federal Action and all claims which were or could have been asserted therein are dismissed with prejudice against CUNY pursuant to Fed. R. Civ. P. 41(a), and without payment, attorneys' fees, costs, disbursements or expenses other than as set forth in Paragraph 4 of this Settlement Agreement.  Simultaneously with the execution of this Settlement Agreement, counsel for Plaintiff shall execute and deliver to counsel for CUNY a stipulation and order, in the form attached hereto as Exhibit A, dismissing with prejudice the Federal Action and all claims therein against CUNY pursuant to Fed. R. Civ. P. 41(a), and without payment, attorneys' fees, costs, disbursements or expenses to any of these parties as against the other, other than as set forth in Paragraph 4 of this Settlement Agreement.

2.      **Dismissal of the Arbitration.**

Upon execution of this Settlement Agreement, counsel for CUNY shall notify the American Arbitration Association in writing that the Arbitration has been resolved and should be

dismissed, without payment, attorneys' fees, costs, disbursements or expenses to any of these parties as against the other, and shall provide Plaintiff's Professional Staff Congress/CUNY counsel with a copy of such written notification.

3.    <u>**Withdrawal of the Order to Show Cause in the Kings County Action**</u>.

Simultaneously with the execution of this Settlement Agreement, Plaintiff shall execute and deliver to counsel for CUNY a Notice of Withdrawal, in the form attached hereto as Exhibit B, withdrawing the Order to Show Cause seeking to vacate the Judgment dismissing the Kings County Action, without payment, attorneys' fees, costs, disbursements or expenses to any of these parties as against the other.

4.    <u>**Payment to Plaintiff and Plaintiff's Attorney**</u>.

For and in full consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Federal Action with prejudice against CUNY, the dismissal with prejudice of the Arbitration, the withdrawal of Order to Show Cause, the execution of the General Release included herein, execution of all necessary and appropriate vouchers and other documentation as may be required to effectuate payment, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of CUNY, shall pay to Plaintiff and Plaintiff's attorneys the gross sum of Seven Thousand Two Hundred Fifty ($7,250.00) Dollars (the "Payment"), for which I.R.S. Forms 1099 shall be issued to each of Plaintiff and Plaintiff's attorneys in this amount, in full and final satisfaction of all claims, allegations and causes of actions, direct or indirect, known or unknown, that Plaintiff had, has or may have had against the State of New York and CUNY, together with all of their present and former agencies, principals, officers, directors, members, trustees, shareholders, employees,

agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns, whether in their personal or official capacities arising out of any conduct, acts or omissions prior to, up to and including the date of this Settlement Agreement, including but not limited to those asserted in the EEOC Charge, the Federal Action, the Arbitration, the Kings County Action and the Article 78 Proceeding, including but not limited to all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, punitive damages, and liquidated damages), lost wages, benefits, and economic damages (including but not limited to back pay, front pay, severance pay, commissions, bonuses, reimbursements and pension plan contributions), and attorneys' fees, costs, disbursements and expenses incurred by Plaintiff or by any and all counsel who have assisted or at any time represented Plaintiff in the Federal Action or in connection with the EEOC Charge, as well as in connection with any other representation, negotiation or proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences or omissions asserted in the Arbitration, the Kings County Action and the Article 78 Proceeding. The Payment is in partial reimbursement for Plaintiff's legal fees and expenses in connection with the Federal Action, but fully and finally satisfies any and all claims by Plaintiff or any and all counsel for all attorneys' fees, costs, disbursements and expenses whatsoever.  The foregoing Payment shall be made payable to "Badrul H. Chowdhury" and mailed to Plaintiff at 84-14 150 Street, Jamaica, New York 11435.

**5.**     <u>**State Approval of the Payment.**</u>

The Payment referenced in Paragraph 4 of this Settlement Agreement is conditioned upon and subject to (i) the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17 and (ii) the "So Ordering" of this Settlement Agreement by the Court in the

Federal Action. Plaintiff and Plaintiff's attorney agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining approval of and effectuating the Payment, including the Affidavit of Medicare Eligibility Status ("Affidavit") attached hereto as Exhibit C and any required attachments thereto. In the event such approvals are not obtained or the Court does not "so order" this Settlement Agreement, then this Settlement Agreement shall be null, void and of no further force and effect.

6.    **Accrual of Interest.**

In the event that the Payment referenced in Paragraph 4 of this Settlement Agreement has not been made by the one hundred twentieth day after the latest of receipt by the New York State Department of Law of a "So Ordered" copy of this Settlement Agreement, the Stipulation and Order of Dismissal with Prejudice of the Action attached hereto as Exhibit A, together with all other documentation required under this Settlement Agreement, including the Medicare Affidavit, interest on any part of the sum not paid by the one hundred twentieth day shall begin to run on the one hundred twenty-first day at the statutory rate pursuant to 28 U.S.C. § 1961.

7.    **Liability of Plaintiff for Taxes.**

Any taxes, or interest or penalties on taxes, on the Payment referred to in Paragraph 4 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff (or his attorneys, respectively, for any fees paid to said attorneys), and Plaintiff and his attorneys shall have no claim, right, or cause of action against CUNY, the State of New York or any of their agencies, departments, subdivisions or officers on account of such taxes, interest or penalties. In the event that any taxing authority or any other federal, state or local government, administrative agency or court issues a final determination that CUNY and/or the State of New York is liable for the failure of Plaintiff (or his attorneys for any attorneys' fees hereunder) to pay federal, state

or local income, or other taxes or withholdings with respect to any portion of the Payment referred to in Paragraph 4 of this Settlement Agreement, or are liable for interest or penalties related thereto, Plaintiff (or his attorneys, for liabilities with respect to fees paid to them) agree to reimburse and indemnify CUNY and/or the State of New York for such liability with respect to any portion of the Payment referred to in Paragraph 4 of this Settlement Agreement, so long as Plaintiff has been provided with notice of any such claim or proceeding promptly following receipt of notice of such claim or proceeding by CUNY and/or the State of New York.

**8.**     **Medicare Certification.**

Plaintiff represents and warrants that he is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made to him by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.

**9.**     **Liability of Plaintiff for Medicare Liens.**

Plaintiff agrees to defend, indemnify and hold harmless the State of New York (including, but not limited to, any and all agencies, departments, subdivisions and officers thereof), regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter.  If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York reserves the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on Medicare's final letter.

**10.**     **Liability of Plaintiff for Liens.**

Plaintiff agrees that neither CUNY, the State of New York (including, but not limited to, any and all agencies, departments and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, including but not limited to the

Individual Defendants, shall be responsible for any liens, off-sets, deductions or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, child support, unemployment compensation, Medicare or Medicaid liens, off-sets, deductions or recoupments) which may attach to the Payment referenced in Paragraph 4 of this Settlement Agreement. Plaintiff shall have no claim, right, or cause of action against CUNY, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) or any of their officials, employees or agents, whether in their individual or official capacities, including but not limited to the Individual Defendants, on account of such liens, off-sets, deductions or recoupments, and agrees that he will defend, indemnify and hold harmless CUNY, the State of New York (including, but not limited to, any and all agencies, departments and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, including but not limited to the Individual Defendants, for the satisfaction of any such liens, off-sets, deductions or recoupments.

11. **Rescission of the Termination and Plaintiff's Irrevocable Resignation.**

Simultaneously with the execution of this Settlement Agreement, (i) CUNY agrees to rescind the Termination of Plaintiff from his former position as a Hazardous Materials Manager in the Department of Environmental Health and Safety at the College; and (ii) Plaintiff shall be deemed to have irrevocably resigned from that position, effective October 11, 2017. Plaintiff's resignation shall have no effect on his retirement benefits. Plaintiff agrees to not seek, apply for or accept employment or contracted work from CUNY or any and all of its constituent schools, divisions and units, any pending applications for employment or contracted work are deemed

withdrawn.  In addition, Plaintiff will refrain from contacting any individual at CUNY or the College who made any complaints against him or who were in any involved with his Termination.

**12.**    **Reference**.

In the event that Plaintiff seeks an employment reference from CUNY, he shall inform any prospective employer to contact the Director of the Human Resources Department ("HR") at the College for such a reference.  The Director of HR shall confirm the dates of Plaintiff's employment at the College, his salary, his title(s) during such employment and the date of his separation only.  The restrictions in this Paragraph shall not apply to requests for information to which a response by CUNY and/or the College is mandated by law.

**13.**    **General Release.**

For and in consideration of the Payment referenced in Paragraph 4 of this Settlement Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors and assigns (collectively "the Releasing Party"), hereby releases and forever discharges the State of New York and CUNY, together with all of their present and former subdivisions, subsidiaries and agencies, as well as their principals, officers, directors, members, trustees, shareholders, employees, agents, attorneys, insurers, heirs, administrators and assigns, personally and in their official capacities, and the Individual Defendants, both in their personal and official capacities (collectively "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Party ever

had, now has, or shall or may have in the future against some, any or all of the Released Parties,
for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever
up to and including the date of this Settlement Agreement, including but not limited to: (a) any
and all claims regarding or arising out of the acts, transactions, occurrences or omissions which
are described, alleged or contained in the EEOC Charge, the Federal Action, the Kings County
Action, the Article 78 Proceeding and the Arbitration; (b) any and all claims regarding or arising
directly or indirectly from Plaintiff's association with any of the Released Parties or the terms
and conditions of his association with any of the Released Parties; (c) any and all claims of
access to courts, conspiracy, retaliation, or discrimination based upon disability, age, race, color,
national origin, ancestry, religion, marital status, sex, sexual harassment, sexual orientation,
citizenship, military service, status or medical condition; (d) any and all claims under federal,
state or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but
not limited to claims under 42 U.S.C. §§1981-1988, Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e *et seq.*, Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 *et
seq.*, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fair Labor Standards Act of 1938, 29
U.S.C. § 201 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634,
the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act of
1990, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et
seq.*, 42 U.S.C. § 1983, 42 U.S.C. § 1985, the New York State Human Rights Law, N.Y. Exec.
Law § 290 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*,
the New York State Labor Law, N.Y. Labor Law §§ 740 and 741 *et seq.*, N.Y. Civil Service Law
§ 75-b, the United States Constitution, the New York State Constitution, the New York City
Charter and any other federal, state or local law; (e) any claims of retaliation for participation in

11

a protected activity and/or engaging in any activity protected under any federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders; (f) any and all claims for salary, bonuses, severance pay, vacation pay, sick pay, incentive pay or other compensation, or any non-vested retirement, pension, health or savings plan benefits; (g) any and all grievances pursuant to any applicable collective bargaining agreement; and (h) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive or other damages), vocational services, breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, assault, battery, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees or other expenses, including attorneys' fees, or any other claims under federal, state or local law relating to employment, education, vocational services, discrimination, retaliation, retirement or otherwise.  Except for the rights and obligations set forth in this Settlement Agreement, this Release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights and/or the New York City Commission on Human Rights, as well as any and all claims against the State of New York, its agencies, departments and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions or occurrences up to and including the date of this Settlement Agreement.

14.     **Covenant Not to File Claim in Court of Claims or Other Venue.**

Plaintiff warrants and represents that as of the date of this Settlement Agreement, he has not filed or sought permission to file with the New York Court of Claims a claim against the State of New York or CUNY, or any other person or entity, based in whole or in part upon any of the acts, transactions, occurrences or omissions asserted or which could have asserted in the EEOC Charge, the Federal Action, the Kings County Action, the Article 78 Proceeding or the Arbitration, and further covenants and agrees never to do so in the future, in the Court of Claims or any other venue, including but not limited to any grievance or complaint filed with CUNY or the College.  Plaintiff acknowledges that any violation of this provision would constitute a contempt of court and breach of contract and that he would be liable for damages arising therefrom.  Further, as a condition to the effectiveness of this Settlement Agreement, Plaintiff shall withdraw, in writing, (i) his complaint or grievance to College President Michelle Anderson attached to an e-mail that Plaintiff sent to College administrators on April 24, 2019 (the "April 24 e-mail"); and (ii) his mischaracterization of Judge Chen's November 16, 2018 Order set forth in the April 24 e-mail.

15.     **No Other Action Commenced.**

Other than the EEOC Charge, the Federal Action, the Kings County Action, the Article 78 Proceeding and the Arbitration, Plaintiff represents that he has not commenced, maintained or prosecuted any action, charge, complaint, grievance or proceeding of any kind against the State of New York, CUNY or the Individual Defendants, including but not limited to any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns, personally or in their official capacities, on his own behalf and/or on behalf of any other

person and/or on behalf of or as a member of any alleged class of persons; that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency; and acknowledges that this representation constitutes a material inducement for CUNY to enter into this Settlement Agreement. Plaintiff acknowledges that any violation of this provision would constitute a contempt of court and breach of contract and that he would be liable for damages arising therefrom.

### 16. **Waiver of Attorney's Lien.**

Subject to receipt of the Payment described in Paragraph 4 of this Settlement Agreement, the undersigned attorneys for Plaintiff hereby release and waive any lien for services upon the above-named Plaintiff's causes of action, claim, verdict, report, judgment, determination or settlement in favor of Plaintiff which they have thereon and by virtue of Section 475 of the New York Judiciary Law or otherwise.

### 17. **No Other Attorney.**

The undersigned attorneys for Plaintiff further represent that there are no attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of Section 475 of the New York Judiciary Law or otherwise in regard in the Federal Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences or omissions asserted therein. The undersigned attorneys further agree to indemnify and hold harmless the State of New York, CUNY or the Individual Defendants from any liability or claims for attorneys' fees and/or disbursements incurred by Plaintiff in connection with the Federal Action or in connection with any other representation, negotiation, proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences or omissions asserted in the Federal Action.

**18.**     **No Prevailing Party.**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status with respect to the Federal Action.

**19.**     **Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the heirs, successors and assigns of each party hereto.

**20.**     **Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

**21.**     **Voluntary Agreement.**

Plaintiff represents that he has thoroughly discussed all aspects of this Settlement Agreement (including the General Release set forth in Paragraph 13) with his attorney, and Plaintiff represents that he has carefully read and fully understands all of the provisions of the Settlement Agreement.  Plaintiff represents that he executes and delivers the Settlement Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that he understands its terms, contents and effect.  Plaintiff acknowledges that he has been advised of his right to seek the advice of an attorney and that he is and has been represented by counsel of his own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

15

**22.** **Negotiated Agreement.**

The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

**23.** **No Admission of Liability.**

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of the State of New York or CUNY, and/or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns, personally and in their official capacities, including but not limited to the Individual Defendants in their individual and official capacities; and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of the State of New York or CUNY.

**24.** **No Precedential Value.**

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Federal Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop the State of New York or CUNY, or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns,

personally and in their official capacities, including but not limited to the Individual Defendants in their personal and official capacities, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings or from advancing any defenses.

25. **Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

26. **Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

27. **Severability.**

If any provision of this Settlement Agreement shall be determined by a court of competent jurisdiction to be invalid, void or unenforceable, in whole or in part, such decision shall not invalidate the remaining portions of this Agreement or affect its validity.

28. **Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

**29.** **Submission to the Court.**

Upon its full execution, this Settlement Agreement may be submitted to the Court to be "So Ordered" by any party without further notice.

**30.** **Counterparts.**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

_____
BADRUL H. CHOWDHURY

STATE OF NEW YORK, COUNTY OF                    :

On April 2l, 2019, before me personally came and appeared Badrul H. Chowdhury, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and who duly acknowledged to me that she

JUAN CARLOS PEREZ REPO RODRIGUEZ
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02RE6218757
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES 3/9/22

_____
Notary Public

Dated: New York, New York
April 26, 2018

MASON PLLC
*Attorney for Plaintiff*
By:

_____
Dwayne Christopher Mason, Esq.
11 Broadway, Suite 615-8
New York, New York 10004
(646) 502-9171

Dated: New York, New York
April 26, 2018

LETITIA JAMES
Attorney General of the State of New York
*Attorney for CUNY*
By:

_____
Mark E. Klein, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8663

18

LAW OFFICE OF JUAN C.
RESTREPO-RODRIGUEZ
*Attorney for Plaintiff*

By:

Juan C. Restrepo-Rodriguez
85-35 167th Street
Jamaica, New York 11432
(646) 847-8535

**SO ORDERED**:

_____
Honorable Pamela K. Chen
United States District Judge
Dated:  April     , 2019

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

BADRUL CHOWDHURY,

                              Plaintiff,

          - against -

THE CITY UNIVERSITY OF NEW YORK,
BROOKLYN COLLEGE,

                            Defendants.
-------------------------------------------------------------------x

       17-cv-02613 (PKC) (SMG)

**STIPULATION AND ORDER
OF DISMISSAL WITH
PREJUDICE PURSUANT TO
FED.R.CIV.P 41(a)**

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the

undersigned counsel for the parties herein, that Plaintiff's claims in the above-referenced

action are dismissed, with prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil

Procedure.  Each party shall bear his or its own costs and attorneys' fees.

       (Signatures on page 2.)

1

Dated:  New York, New York
       April   , 2019

MASON PLLC
*Attorney for Plaintiff*


By:_____
    Dwayne Christopher Mason.
11 Broadway, Suite 615-8
New York, New York 10004
(646) 502-9171

LAW OFFICE OF JUAN C.
RESTREPO-RODRIGUEZ
*Attorney for Plaintiff*

By:_____
    Juan C. Restrepo-Rodriguez
85-35 167th Street
Jamaica, New York 11432
(646) 847-8535


**SO ORDERED**:


_____
  Honorable Pamela K. Chen
United States District Judge
Dated:  April   , 2019


Dated:  New York, New York
       April   , 2019

LETITIA JAMES
Attorney General of the State of New York
*Attorney for CUNY*


By:_____
    Mark E. Klein
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8663

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------x

BADRUL H. CHOWDHURY,

                          Plaintiff,           Index No. 2006/2017

             -against-             **NOTICE OF WITHDRAWAL**

MARIA CONTEL, individually
MALGORZATA CISZKOWSKA,
individually,

                      Defendants.

-----------------------------------------------------------x

    **PLEASE TAKE NOTICE** that Badrul H. Chowdhury, Plaintiff *pro se* in this action,

hereby withdraws his application, made by Order to Show Cause and returnable in this Court on

June 19, 2019, for an order vacating the Judgment, entered October 24, 2018, which dismissed this action.

Dated:  Queens, New York
       April   , 2019

                              **BADRUL H. CHOWDHURY**
                              Plaintiff *Pro Se*

                              _____
                              84-14 150 Street
                              Jamaica, New York 11435
                              (718) 297-9313

# Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

BADRUL CHOWDHURY,

                              Plaintiff,

          - against -                                        17-cv-02613 (PKC) (SMG)

THE CITY UNIVERSITY OF NEW                          **AFFIDAVIT OF STATUS**
YORK, BROOKLYN COLLEGE,                          **OF MEDICARE ELIBILITY**

                              Defendants.
-----------------------------------------------------------------x

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF QUEENS      )

    **BADRUL H. CHOWDHURY**, being duly sworn, deposes and says:

    1.    I am the plaintiff in the above-entitled action, I am a citizen of the United States, I reside at 84-14 150 Street, Jamaica, New York 11435, and my telephone number is (718) 297-9313.

    2.    I make this affidavit with full knowledge that it will be relied upon by the Attorney General of the State of New York, its agents, employees and representatives ("OAG") in connection with the settlement of this action and specifically as it relates to OAG's obligations to comply with the reporting requirements of Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

    3.    I understand that a query has been made pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. § 1395(B)(8), to verify my current Medicare status.

4.      I hereby acknowledge and understand that, as mandated by CMS and promulgated by and through its rules and regulations, including but not limited to the MMSEA and/or MSP, I am required to:

     a.      reimburse Medicare from the judgment/settlement herein for *conditional payments* Medicare has made for treatment of injuries alleged in this action; and

     b.      utilize the judgment/settlement proceeds to pay for future medical expenses, when those expenses are for care or treatment related to the injuries covered by the allegations in this litigation.

5.      I further acknowledge that the information provided herein will be relied upon by OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 or as deemed necessary or required by the defendant and OAG.

6.      I hereby agree to promptly provide OAG with any and all information that OAG deems necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

## PEDIGREE INFORMATION

7.      I have been known by (include all alias name[s], former name[s] and/or maiden name[s]) the following names: _____. I hereby acknowledge that I can be identified by this/these name(s) and all these names do, indeed, refer to me.

8.      I consent to allow OAG to verify my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9.      I affirm that:

     a.      my social security number is _____;
     b.      my date of birth is _____; and
     c.      my gender is male.

# CURRENT MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable current Medicare eligibility status ✎*

10.    As of the date of this affidavit:

a.    ✎_____    I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

## OR

b.    ✎_____    I am a Medicare Beneficiary, and my Medicare number [HIC #] is _____. I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this personal injury action; and

i.    ✎_____    Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter)*; or

ii.    ✎_____    Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)*. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

iii.    ✎_____    I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to AAG Mark E. Klein and to OAG's Medicare Compliance Officer via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment, directly from the total proceeds of the judgment in/settlement of the above-captioned litigation, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

## FUTURE MEDICARE ELIGIBILITY

*✎ Initial and affirm applicable future Medicare eligibility status ✎*

11.     As of the date of this affidavit:

a.      ✎_____     I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of the above-captioned litigation.  I affirm that I:
   i.      I have not applied for social security disability (SSDI);
   ii.     have not been denied SSDI and anticipating appealing that decision;
   iii.    am not in the process of appealing or re-filing for SSDI;
   iv.     am not 62.5 years or older; and
   v.      do not have End Stage Renal Disease (a qualifying condition for Medicare);

### OR

b.      ✎_____     I am not current a Medicare Beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation and

   i.      ✎_____     I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the complaint is attached.  The attached certification confirms that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

   ii.     ✎_____     I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries of this personal injury action; or

   iii.    ✎_____     I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

**OR**

c.   ✎ _____    I am currently a Medicare Beneficiary and

    i.   ✎ _____    I do not require any future treatment for injuries that are the subject of this personal injury action. The required certification(s) for the injuries alleged in the complaint is attached. The attached certification confirms that no anticipated future treatment is required for the injuries that are the subject of this personal injury action; or

    ii.   ✎ _____    I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this personal injury action; or

    iii.   ✎ _____    I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

 

                               _____
                                **BADRUL H. CHOWDHURY**

Sworn to before me this
    day of April, 2019

_____
    Notary Public

5